### OGIER, Rec v ALSDORF et

Ohio Appeals, 2nd Dist, Franklin Co

No 2354. Decided April 4, 1934

Joy H. Hunt, Columbus, for plaintiff in error.

Wilson & Rector, Columbus, for defendant in error, The Buckeye State Building and Loan Company.

## OPINION

By HORNBECK, PJ.

The position of the receiver is grounded upon the proposition that a judgment taken during one term may not be vacated at a subsequent term on motion, but must be reached by petition by virtue of §11631, GC. The proposition is sound, but as we view it it has no application to the facts in this case. The answer and cross-petition was filed before any final judgment was entered determining any rights between the receiver and the defendant, the Loan Company. It is contended that the entry finding the defendants, the Loan Company, in default was equivalent to a judgment against it. But no affirmative relief was sought against the Loan Company in the petition and the judgment was merely a judgment for the firm which the receiver represented against a defendant debtor of the firm. The action of the trial court eventually in determining the priority of liens in no wise affected or opened up the judgment in behalf of the plaintiff.

At any time prior to the distribution of the fund proceeds of the sale, it would have been well within the discretionary power of the trial court to have permitted claimants to the fund to plead and to determine their rights thereto, if in so doing there was no setting aside or vacating of a judgment theretofore entered in the cause.

We are satisfied that no error was committed by the trial court to the prejudice of the receiver in the action taken on his motion to strike the answer and cross-petition of the Loan Company from the files, or in entering judgment determining priority of liens and distribution of the proceeds of the sale of the real estate.

The judgment of the trial court will therefore, be affirmed.

BARNES, J, concurs.